IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-90-FL

| | |
|---|---|
| KEITH ALAN LUDLUM, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | )     **ORDER** |
| UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, ANTHONY M. PERRONE, and ALVIN VINCENT, JR., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6) (DE 13). The issues raised have been fully briefed by the parties, and in this posture are ripe for ruling. For the following reasons, defendants' motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action pro se, asserting claims for interference in the audit of a local union, imposition of a trusteeship on the union, solicitation of false statements against plaintiff, and removing plaintiff from his office as president of the local union. Plaintiff seeks $458,000.00 in compensatory damages, punitive damages, and costs.

Defendants removed this action from Bladen County Superior Court on May 25, 2018, alleging federal question jurisdiction for a cause of action brought under the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 462 et seq..

Defendants filed the instant motion to dismiss on June 1, 2018. Defendants argue 1)

plaintiff's allegations are conclusory and do not rise to the level sufficient to survive a motion to dismiss; 2) the court lacks subject matter jurisdiction over plaintiff's LMRDA claim and any request for injunctive relief because the disputed trusteeship has already concluded; 3) any LMRDA Title III claim should be dismissed because plaintiff exclusively seeks individual damages and such relief is inappropriate under 29 U.S.C. § 464(a); (4) any pendent state law claims plaintiff asserts are preempted by the LMRDA; and (5) all claims are barred by the applicable statute of limitations. In support of their motion, defendants rely upon several documents, including several memoranda and letters detailing the investigation in to the local union. (DE 11-1, 11-2, 11-3, 11-4, 11-5).

In opposition to the motion, plaintiff relies upon research on the union's bylaws and an unsworn statement captioned as a "witness affidavit" by Dilcia Rodriguez, which plaintiff argues supports his claims. ("Rodriguez Statement" (DE 17-1)).

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff is a resident of Bladen County, North Carolina. (Compl. ¶ 1). Defendant United Food & Commercial Workers International Union, AFL-CIO, CLC ("UFCW") is a national labor organization headquartered in Washington, D.C. and authorized to do business in the State of North Carolina through its local affiliate, Local 1208. (Id. ¶ 2). Defendant Anthony M. Perrone ("Perrone") is a resident of Washington, DC. (Id. ¶ 3). Defendant Alvin Vincent, Jr. ("Vincent") is a resident of Pennsylvania. (Id. ¶ 4).

Plaintiff was President of Local 1208. (Id. ¶ 10). In or about March 2015, defendants allegedly interfered with and attempted to influence a Department of Labor "C.A.P. audit"[1] of Local

---

[1] Plaintiff does not specify in his complaint what a "C.A.P. audit" is.

2

1208.  (Id. ¶ 6).  Defendants allegedly conspired to impose a trusteeship in retaliation for plaintiff's opposing International Union appointees for President and Secretary Treasurer of UFCW Local 1208.  (Id. ¶ 7).

Defendants solicited false statements from witnesses or directed others to do so in order to discredit and undermine plaintiff's position and authority as President of Local 1208.  (Id. ¶ 8). Defendants encouraged and sought persons to file criminal charges against plaintiff. (Id. ¶ 9).  On or about April 23, 2015, defendants forced a trusteeship over Local 1208, which removed all officers, including plaintiff as President of Local 1208.  (Id. ¶ 10).  Defendant Vincent was appointed trustee.  (Id. ¶ 11).

## COURT'S DISCUSSION

A.Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  When a defendant challenges the factual predicate of subject matter jurisdiction, as here, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

"To survive a motion to dismiss" under Rule 12(b)(6), 'a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

The court first turns its attention to defendants' contention that it lacks subject matter jurisdiction to hear the case over plaintiff's LMRDA claim.[2] For the reasons stated below, the court does have subject matter jurisdiction over such a dispute. The court next turns to defendants' contention that plaintiff fails to state a claim. For the reasons set forth below, plaintiff's complaint pleads insufficient facts to state a claim.

    1.    Subject Matter Jurisdiction

The LMRDA provides statutory rules regarding the creation of trusteeships by international unions to supervise local unions. 29 U.S.C. §§ 461-466. "Any member or subordinate body of a labor organization affected by any violation of [Title III] (except section 461 of this title) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate." Id. § 464. Consequently, a plaintiff

---

[2]Plaintiff's complaint does not in terms assert an LMRDA claim. Defendants merely interpret plaintiff's claim to be an LMRDA claim. However, the court assumes for purposes of this motion that plaintiff intended to assert an LMRDA claim.

can bring suit for damages or injunction.

Jurisdiction is not lacking for a damages claim under the LMRDA after a trusteeship terminates, because "international unions could impose trusteeships with impunity ... and remain immune from legal scrutiny as long as they lifted the trusteeship before the plaintiff ha[d] his day in court." Int'l Longshoremen's Ass'n, Local 333 v. Int'l Longshoremen's Ass'n, AFL-CIO, 687 F. App'x 315, 322 (4th Cir. 2017) (internal citations omitted); see also Union de Empleados de Muelles de Puerto Rico, Inc. v. Int'l Longshoremen's Ass'n, 884 F.3d 48, 59 (1st Cir. 2018); Thompson v. Office & Prof'l Employees Int'l Union, AFL-CIO, 74 F.3d 1492, 1504 (6th Cir. 1996). Consequently, where plaintiff seeks damages, subject matter jurisdiction is not lacking over this case.

Defendants argue that plaintiff's case must be dismissed because the trusteeship referred to in his complaint has been terminated, and therefore plaintiff is no longer entitled to relief. Generally, where a plaintiff seeks injunctive relief under LMRDA and the trusteeship of a union has terminated, no justiciable case or controversy exists under LMRDA, and consequently the court lacks jurisdiction over the case. See Parks v. Int'l Bhd. of Elec. Workers, 314 F.2d 886, 896 (4th Cir. 1963). However, plaintiff has not asked the court for injunctive relief, but instead for damages. For the reasons stated above, defendants' argument that a damages claim is moot fails.

2. Failure to State a Claim

Plaintiff has not set forth sufficient factual allegations to state a claim under LMRDA or another federal statute, however.

Title III of LMRDA allows trusteeships to be imposed on local affiliates of unions "for the purpose of correcting corruption or financial malpractice, assuring the performance of collective

bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of such labor organization." 29 U.S.C. § 462. However, "Congress specifically declined to attempt to detail all of the legitimate reasons for which a trusteeship might be imposed, leaving for the courts the development of common law limiting principles." Becker v. Indus. Union of Marine and Shipbuilding Workers of America, AFL-CIO, 900 F.2d 761, 767-68 (4th Cir.1990). As described above, LMRDA also provides for a private right of action if a labor organization improperly uses a trusteeship, for example by illegally transferring funds from the subordinate body to the labor union. 29 U.S.C. §§ 463, 464.

"[D]ischarge from union employment does not impinge upon the incidents of union membership." Finnegan v. Leu, 456 U.S. 431, 438 (1982) (interpreting the scope of Title I of LMRDA). Moreover, "Title III does not allow a private cause of action for individual damages flowing from the termination of an appointed employee. Relief under § 304 must be sought on behalf of the local union organization and the entire membership must reap the benefits." Ross v. Hotel Employees & Rest. Employees Int'l Union, 266 F.3d 236, 257 (3d Cir. 2001); see also Gesink v. Grand Lodge, Int'l Ass'n of Machinists & Aerospace Workers, 831 F.2d 214, 216 (10th Cir. 1987).

Plaintiff's only allegations are conclusory assertions against defendants, such as "defendants did conspire to 'trustee' UFCW Local 1208, in retaliation for opposing the International Union appointees...." (Compl. ¶ 7) (internal quotations added). Plaintiff's assertions of wrongdoing by defendants are not supported by factual allegations that would allow the court to determine if defendants improperly imposed a trusteeship, and if defendants are liable under LMRDA or another federal claim. (See id. ¶¶ 6-10). For example, general allegations of activity directed against

plaintiff, such as soliciting false statements or encouraging filing of criminal charges, are not actionable under LMRDA. (Id. ¶¶ 8, 9). In any event, the allegations raised by plaintiff are not supported by sufficient facts to state a plausible claim. See Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Since plaintiff has only conclusively asserted wrongdoing by defendants in establishing a trusteeship, plaintiff has not shown he is plausibly entitled to relief.

Additionally, plaintiff's alleged damages for lost wages and benefits are not recoverable under LMRDA because they are personal injuries not sustained by Local 1208. (See Compl. ¶ 12). Where at least some of plaintiff's alleged damages could be for injury sustained by Local 1208, the court finds plaintiff's claim under LMRDA insufficient on the facts alleged, rather than as a matter of law.

In opposition to the motion to dismiss, plaintiff argues that the Rodriguez Statement supports his claims. In ruling on a 12(b)(6) motion, however, the court may only consider information included in the complaint without converting the motion to one for summary judgment. See Iqbal, 556 U.S. at 663 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). The court is not inclined to treat the motion as one made under Rule 56 upon deficit in presentation of this attempted evidence, either. The Rodriguez Statement, containing hearsay, is unsworn. Therefore, the court must discount the Rodriguez Statement in deciding the instant motion. The court also does not rely upon the information and correspondence submitted by defendants for the court's consideration, because it is unnecessary to consider those materials in light of the deficiencies on the face of plaintiff's complaint.

Defendant's motion to dismiss for failure to state a claim is granted without prejudice.

Plaintiff shall have until the time specified herein to file an amended complaint which meets the pleading requirements under the Federal Rules of Civil Procedure. Because plaintiff fails to allege facts giving rise to a plausible claim for relief under LMRDA or another federal law, the court does not reach the additional arguments raised by defendants.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 13) is GRANTED for failure to state a claim upon which relief can be granted. Plaintiff's claims are dismissed without prejudice. Plaintiff is ALLOWED to file an amended complaint no later than 21 days from the date of this order. If plaintiff fails to file an amended complaint by that time, the clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of November, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge