IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-90-FL

| | | |
|---|---|---|
| KEITH ALAN LUDLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, ANTHONY M. PERRONE, and ALVIN VINCENT, JR., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motions to strike plaintiff's amended complaint and to close the case (DE 22, 26), and defendants' motion for extension of time to file an answer (DE 27). The court also construes plaintiff's filing of his amended complaint (DE 21) and second amended complaint (DE 25) as implied motions to amend his complaint. The issues raised have been briefed by the parties, and in this posture are ripe for ruling. For the following reasons, the court grants plaintiff leave to file his amended complaint and second amended complaint. The court denies defendants' motions to strike plaintiff's amended complaint and second amended complaint. Finally, the court grants defendants an extension of time to file an answer as set forth below.

**BACKGROUND**

Plaintiff commenced this action pro se, asserting claims for interference in the audit of a local union, imposition of a trusteeship on the union, solicitation of false statements against plaintiff, and removing plaintiff from his office as president of the local union. Plaintiff seeks $458,000.00

in compensatory damages, punitive damages, and costs.

Defendants removed this action from Bladen County Superior Court on May 25, 2018, alleging federal question jurisdiction for a cause of action brought under the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 462 et seq..

Defendants filed a motion to dismiss on June 1, 2018. On November 2, 2018, the court denied defendants' motion to dismiss for lack of subject matter jurisdiction but granted defendants' motion for failure to state a claim. The court then allowed plaintiff 21 days to file an amended complaint. Plaintiff filed his amended complaint on November 29, 2018, together with supporting attachments, three days after the deadline imposed by the court. On November 30, 2018, defendants filed the first instant motion to strike, arguing plaintiff's amended complaint was untimely. That same day, defendants filed a motion for extension of time to answer, which was later granted by the court.

On December 6, 2018, plaintiff filed his second amended complaint, together with supporting attachments. On December 14, 2018, defendants again filed a motion to strike plaintiff's amended complaints as untimely. Defendants again moved for an extension of time to answer the amended complaints.

On January 2, 2019, plaintiff filed a response in opposition, requesting that the court deny defendants' motion to strike his second amended complaint. On January 3, 2019, defendants filed their motion to dismiss for failure to state a claim, which is not yet ripe.

### COURT'S DISCUSSION

A.  Plaintiff's Implied Motions to Amend

    1.  Standard of Review

The Federal Rules of Civil Procedure require "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A properly pleaded complaint provides to an opponent "illumination as to the substantive theory under which [plaintiff] [i]s proceeding, which is the function of pleadings under the Federal Rules." Atl. Purchasers, Inc. v. Aircraft Sales, Inc., 705 F.2d 712, 717 (4th Cir. 1983).

A plaintiff may amend complaint one time as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, however, a plaintiff may amend complaint only by leave of the court or by written consent of the defendant, although "[t]he court should freely give leave when justice so requires." Id. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Ostrzenski v. Seigel, 177 F.3d 245, 252–53 (4th Cir.1999). Leave to amend should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

2. Analysis

The court construes plaintiff's filing of his amended complaint and second amended complaint as impliedly seeking leave to amend in light of the court's order dismissing his first complaint. Defendants' motions to strike, which argue plaintiff's filings are untimely, suggest that plaintiff has unduly delayed in seeking leave to file his amended complaints. The court is

3

unpersuaded by this argument. Plaintiff filed his amended complaint on November 29, 2018,[1] only three days after the deadline imposed by the court. See Fed. R. Civ. P. 6(a). Plaintiff's second amended complaint was filed only one week later.[2] (DE 25). Moreover, plaintiff is pro se. Given these circumstances, plaintiff did not unduly delay in filing either his amended complaint or second amended complaint.

Consequently, the court grants plaintiff leave to file his amended complaint and second amended complaint. See Fed. R. Civ. P. 15(a)(2).

B.    Defendants' Motions to Strike and Motion For Extension of Time

For the reasons stated above, the court denies defendants' motions to strike plaintiff's amended complaint and second amended complaint.

Defendant has also moved for an extension of time, requesting 21 days to answer plaintiff's second amended complaint. (DE 27). Defendants filed their motion to dismiss plaintiff's second amended complaint for failure to state claim on January 3, 2019.[3] (DE 29). "Unless the court sets a different time, serving a motion under this rule alters [the time to file responsive pleadings] as follows: if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4). Accordingly, defendants will have 14 days in which to file an answer if the court denies their motion to dismiss. Defendants' motion for extension of time is therefore unnecessary and denied.

---

[1] The court notes that plaintiff added his own time stamp showing that his amended complaint was filed November 23, 2018. This time stamp misrepresents when the document was filed. The document was filed November 29, 2018.

[2] Plaintiff's second amended complaint also has a time stamp added by plaintiff suggesting his second amended complaint was filed December 3, 2018. This time stamp also misrepresents when the document was filed. The document was filed December 6, 2018.

[3] Defendants note that, if their motions to strike are denied, then the second amended complaint "should be dismissed for all of the same reasons as the amended complaint." (DE 30 at 6 n.1).

**CONCLUSION**

Based on the foregoing, the court GRANTS plaintiff leave to file his amended complaint (DE 21) and second amended complaint (DE 25). As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (internal quotations omitted); see also 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) (A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case). Therefore, plaintiff's amended complaint (DE 21) is superceded and plaintiff's second amended complaint (DE 25) shall be the operative complaint in this case.

Defendants' motions to strike (DE 22, 26) are DENIED. Defendants' motion for extension of time to answer plaintiff's second amended complaint (DE 27) is DENIED.

Where defendants have filed a motion to dismiss, good cause appears to delay the parties' scheduling conference activities, and deadline for provision of their joint report and plan, where ordinarily at this juncture the court would trigger these activities in preface to its entry of a case management order through issuance of initial order regarding planning and scheduling. Unless a party raises objection to a stay of these activities pending completion of briefing on the motion now at issue, and decision thereon by this court, in filing due within 14 days from date of entry of this order, the court will stay that aspect of the case so as to promote focus on the issues raised in defendants' motion.

SO ORDERED, this the 14th day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge