IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-90-FL

| | | |
|---|---|---|
| KEITH ALAN LUDLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED FOOD & COMMERCIAL | ) | |
| WORKERS INTERNATIONAL UNION, | ) | |
| ANTHONY M. PERRONE, and ALVIN | ) | |
| VINCENT, JR., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss plaintiff's second amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 29). The issues raised have been fully briefed by the parties, and in this posture are ripe for ruling. For the following reasons, defendants' motion is granted.

## STATEMENT OF THE CASE

Pro se plaintiff commenced this action on April 23, 2018, in Bladen County Superior Court, raising various causes of action against defendants in an effort to recover wages and lost benefits arising from his termination as president of a local union. Defendants removed this action on May 25, 2018.

Shortly thereafter, defendants filed their first motion to dismiss plaintiff's complaint. The court granted the motion without prejudice. With the court's leave, plaintiff filed two amended complaints. Plaintiff's second amended complaint includes additional allegations regarding the circumstances of his termination, including the affidavit of Dilcia Rodriguez ("Rodriguez"), and the

report of the trusteeship hearing officer recommending ratification and continuation of an international trusteeship over plaintiff's local union. Defendants now request the court to dismiss all of plaintiff's claims.

## STATEMENT OF FACTS

The facts alleged in the complaint[1] may be summarized as follows. In January 2009, defendant United Food & Commercial Workers International Union ("UFCW") chartered a local chapter of its union ("Local 1208"). (Compl. ¶ 9). Defendant UFCW appointed Carl Green ("Green"), Donald Minor ("Minor"), and ten executive board members employed at the Smithfield Tar Heel facility to lead Local 1208. (Id.). Eventually, the executive board members demanded Green and Minor resign over the objection of defendants Alvin Vincent, Jr. ("Vincent"), director of UFCW Region 2, and UFCW. (Id.). The board nominated plaintiff as president of Local 1208 in July 2011, despite defendant Vincent's suggestion that plaintiff should be prevented from serving. (Id.).

The relationship between plaintiff and these defendants proved rocky from the start, with defendant Vincent refusing to assist in training plaintiff on how to administer Local 1208. (Id.). Defendant Vincent maintained a hands off approach to Local 1208 for two and one-half years, declining to conduct an audit requested by plaintiff or attend functions at plaintiff's invitation. (Id.).

During the first week of March 2015, defendant Vincent and his assistant, Beth Pointer ("Pointer"), reached out to Rodriguez, plaintiff's girlfriend. (Rodriguez Aff. (DE 25-1)). Defendant Vincent and Pointer told Rodriguez that she needed to get plaintiff locked up for domestic violence, and that they would be able to pressure him to resign. (Id.). On March 6, 2015, Rodriguez called

---

[1] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to the second amended complaint filed December 6, 2018, (DE 25), unless otherwise specified.

the police, and falsely reported that plaintiff hit and choked her. (Id.). The police placed plaintiff under arrest. (Id.).

Defendant Vincent and staff conducted an audit of Local 1208 on March 11, 2018. (Compl. ¶ 7). At the end of March, defendant Anthony Perrone ("Perrone"), defendant UFCW's president, appointed defendant Vincent to serve as trustee of Local 1208, stating that defendant UFCW's audit and review demonstrated plaintiff had engaged in financial malpractice requiring emergency action. (Report (DE 25-2) at 3). Defendant Vincent took control of Local 1208, and demanded plaintiff return all its property. (Compl. ¶ 10).

On April 23, 2015, defendant UFCW conducted an evidentiary hearing to determine if the trusteeship was justified and should be continued. (Id. ¶ 11; Report (DE 25-2) at 4). Defendant Vincent called a total of eight witnesses, including himself, three members of Local 1208's executive board, and four UFCW employees. (Report (DE 25-2) at 4). The hearing officer found that, based on the audit conducted March 11, 2015, and testimony presented at the April 23, 2015, hearing, plaintiff used union funds to take vacations, make gifts, purchase items (including all-terrain vehicles, clothing, hunting supplies, and furniture), rent vehicles, and withdraw cash from Local 1208 accounts for unspecified reasons. (Report (DE 25-2) at 4-9). Plaintiff did not attend the April 23, 2015 hearing or provide any evidence. No testimony was present at hearing in opposition to imposition or continuation of a trusteeship. (Report (DE 25-2) at 10). The hearing officer recommended upholding and continuing imposition of the trusteeship. (Report (DE 25-2) at 11). A majority of the members of defendant UFCW's international executive committee voted in favor of ratifying and continuing the trusteeship. (Report (DE 25-2) at 1).

**COURT'S DISCUSSION**

A. Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

Broadly construing plaintiff's complaint, the court analyzes claims under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 461-66, malicious prosecution, abuse of process, intentional infliction of emotional distress, fraud, conspiracy, and violation of the covenant of good faith and fair dealing.

1. LMRDA

Title III of LMRDA allows trusteeships to be imposed on local affiliates of unions "for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of such labor organization." 29 U.S.C. § 462. However, "Congress specifically declined to attempt to detail all of the legitimate reasons for which a trusteeship might be imposed, leaving for the courts the development of common law

limiting principles." Becker v. Indus. Union of Marine and Shipbuilding Workers of America, AFL-CIO, 900 F.2d 761, 767-68 (4th Cir.1990). As described above, LMRDA also provides for a private right of action if a labor organization improperly uses a trusteeship, for example by illegally transferring funds from the subordinate body to the labor union. 29 U.S.C. §§ 463, 464.

"[D]ischarge from union employment does not impinge upon the incidents of union membership." Finnegan v. Leu, 456 U.S. 431, 438 (1982) (interpreting the scope of Title I of LMRDA). Moreover, "Title III does not allow a private cause of action for individual damages flowing from the termination of an appointed employee. Relief under § 304 must be sought on behalf of the local union organization and the entire membership must reap the benefits." Ross v. Hotel Employees & Rest. Employees Int'l Union, 266 F.3d 236, 257 (3d Cir. 2001); see also Gesink v. Grand Lodge, Int'l Ass'n of Machinists & Aerospace Workers, 831 F.2d 214, 216 (10th Cir. 1987).

Plaintiff's complaint fails to cure the deficiencies in his LMRDA claim noted by the court upon its earlier dismissal of plaintiff's first complaint. As stated before, plaintiff's alleged damages for lost wages and benefits are not recoverable under LMRDA because they are not damages sustained by Local 1208. (See Compl. ¶ 14). Therefore, the court dismisses plaintiff's LMRDA claim.

2. Malicious Prosecution

"To establish malicious prosecution, a plaintiff must show that the defendant (1) initiated or participated in the earlier proceeding, (2) did so maliciously, (3) without probable cause, and (4) the earlier proceeding ended in favor of the plaintiff." Turner v. Thomas, 369 N.C. 419, 425 (2016) (citing N.C. Farm Bureau Mut. Ins. Co. v. Cully's Motorcross Park, Inc., 366 N.C. 505, 512 (2013)). "Malicious prosecution is a theory applicable to criminal, civil, and administrative proceedings that

have been instituted with malice and without probable cause." Gilbert v. N. Carolina State Bar, 363 N.C. 70, 79 (2009); see Miller v. Greenwood, 218 N.C. 146, 151 (1940) (applying malicious prosecution to arrests). The statute of limitations for a malicious prosecution claim is three years. See N.C. Gen. Stat. § 1-52.

Plaintiff alleges he was arrested at defendant Vincent's instigation on March 6, 2015. (See Compl. ¶ 7; Rodriguez Aff. (DE 25-1)). Plaintiff does not allege any other facts concerning the disposition of the charges raised against him,[2] except suggesting by implication that he was released from custody no later than March 11, 2015. (See Compl. ¶ 8). However, plaintiff initiated this action in Bladen County Superior Court on April 23, 2018, over three years after his arrest and release. Therefore, plaintiff's malicious prosecution claim is barred by the statute of limitations.

3. Abuse of Process

"Abuse of process consists in the malicious misuse or perversion a civil or criminal writ to accomplish some purpose not warranted or commanded by the writ." Barnette v. Woody, 242 N.C. 424, 431 (1955) (citing Ellis v. Wellons, 224 N.C. 269, 271 (1944)); Moch v. A.M. Pappas & Assocs., LLC, 251 N.C. App. 198, 210 (2016) (citing Pinewood Homes, Inc. v. Harris, 184 N.C. App. 597, 602 (2007)). "The distinction between an action for malicious prosecution and one for abuse of process is that malicious prosecution is based upon malice in causing the process to issue, while abuse of process lies for its improper use after it has been issued." Barnette, 242 N.C. at 431. "[T]he only essential elements of abuse of process are: [f]irst, the existence of an ulterior purpose and, second, an act in the use of the process not proper in the regular prosecution of the proceeding." Id.

---

[2] Failing to allege a proceeding terminated in plaintiff's favor is fatal to his claim for malicious prosecution.

Plaintiff alleges that the April 23, 2015, hearing was an "abuse of process" under North Carolina law. (Compl. ¶ 11). However, as noted above, an abuse of process claim applies to misuse of process issued in a civil or criminal proceeding. Therefore, plaintiff's abuse of process claim is dismissed.

4.  Intentional Infliction of Emotional Distress

To plead intentional infliction of emotional distress, plaintiff must show "(1) extreme and outrageous conduct [by the defendant], (2) which is intended to cause and does cause (3) severe emotional distress to another." Turner v. Thomas, 369 N.C. 419, 427 (2016) (citing Dickens v. Puryear, 302 N.C. 437, 452 (1981)). "In this context, the term 'severe emotional distress' means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304 (1990).[3] Nothing in plaintiff's complaint remotely suggests he suffers from a severe and disabling emotional or mental condition generally recognized by the medical profession. Plaintiff merely relies on the threadbare, conclusory allegation that plaintiff's conduct caused him "emotional distress." (Compl. ¶ 13). Therefore, plaintiff fails to state a claim for intentional infliction of emotional distress.

5.  Fraud

"[T]he following essential elements of actionable fraud are well established: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injur[ed] party."

---

[3] Severe emotional distress is also required to prove negligent infliction of emotional distress. Johnson, 327 N.C. at 304.

Ragsdale v. Kennedy, 286 N.C. 130, 138 (1974). "A false representation is material when it deceives a person and induces him to act." Keith v. Wilder, 241 N.C. 672, 675 (1955); Cofield v. Griffin, 238 N.C. 377, 379 (1953). In other words, if the falsity of the representation had "been known to the party, it would have influenced the party's judgment or decision to act." Latta v. Rainey, 202 N.C. App. 587, 599 (2010). "In alleging fraud or mistake, a party must state with particularity the circumstances constitute fraud or mistake." Fed. R. Civ. P. 9(b).

Plaintiff disputes the veracity of a few particular statements in the report and recommendation to continue trusteeship for Local 1208.[4] He protests findings that his trip to the Dominican Republic was a personal vacation, and that payments to Rodriguez's mother were not used for market research. (Compl. ¶¶ 11-12). From this, plaintiff concludes that defendant Vincent defrauded defendant UFCW, preventing plaintiff from reclaiming his job as president of Local 1208. (See id. ¶ 12). However, the alleged false statements are immaterial. Defendant UFCW premised its decision not to allow plaintiff to return to his job on numerous findings of financial malpractice, any of which could support imposition of a trusteeship. See 29 U.S.C. § 462; Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, & Helpers, AFL-CIO v. Local Lodge 714, Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, & Helpers, AFL-CIO, 845 F.2d 687, 693 (7th Cir. 1988) (defining "financial malpractice" to include "cases where local officers are lining their own pockets"); (Report (DE 25-2) at 4-9 (detailing plaintiff's personal use of Local 1208 funds)). Therefore, even taking the particular circumstances alleged as true, see Fed. R. Civ. P. 9(b), the court may not reasonably infer the allegedly false statements induced the decision not to allow him to return to the presidency of Local 1208. Plaintiff's claim of fraud is dismissed.

---

[4] Plaintiff does not allege with particularity that Rodriguez's false statements to the police induced defendants' decision to impose a trusteeship. In fact, the report of hearing on April 23, 2015, places no reliance on defendant's arrest as a justification for the trusteeship.

6. Civil Conspiracy

"[A] complaint sufficiently states a claim for civil conspiracy when it alleges "(1) a conspiracy, (2) wrongful acts done by certain of the alleged conspirators in furtherance of that conspiracy, and (3) injury as a result of that conspiracy." Krawiec v. Manly, 370 N.C. 602, 614 (2018) (quoting State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 362 N.C. 431, 444 (2008)). "In civil conspiracy, recovery must be on the basis of sufficiently alleged wrongful overt acts." Shope v. Boyer, 268 N.C. 401, 405 (1966); Reid v. Holden, 242 N.C. 408, 414-15 (1955). For the reasons stated above, plaintiff has failed to allege any wrongful overt acts necessary to support a claim of civil conspiracy. Plaintiff's conspiracy claim is dismissed.

7. Covenant of Good Faith and Fair Dealing

"There is implied in every contract a covenant by each party not to do anything which will deprive the other parties thereto of the benefits of the contract." Bicycle Transit Auth., Inc. v. Bell, 314 N.C. 219, 228 (1985). Plaintiff's complaint fails to plausibly show defendants breached their obligation not to deprive him of the benefits of a contract. The court dismisses plaintiff's claim of violation of the covenant of good faith and fair dealing.

**CONCLUSION**

Based on the foregoing, defendant's motion to dismiss for failure to state a claim (DE 29) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge